Matthew Morrison, Esq.
Utah State Bar Number 14562
1887 N 270 E
Orem UT 84057
(801) 845-2581
matt@oremlawoffice.com

Blake J. Dugger, Esq.*
blake@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
1011 W. Colter St., #236
Phoenix, Arizona 85013
T: 602-441-3704
F: 888-498-8946

Dillon Brozyna*
dbrozyna@edelson.com
Edelson PC
123 Townsend, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Attorneys for Plaintiff and the Class

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **ROBERT DOMAN**, individually and on behalf of all others similarly situated,<br><br>　　　*Plaintiff*,<br><br>*v.*<br><br><br>**FINICITY CORPORATION d/b/a MVELOPES,** a Utah corporation,<br><br>　　　*Defendant*. | **Case No.:**<br><br>　　**COMPLAINT**<br><br>**PROPOSED CLASS ACTION**<br><br>　**JURY DEMANDED**<br><br>Judge: |

1

## PROPOSED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Robert Doman ("Doman" or "Plaintiff Doman") brings this Proposed Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Finicity Corporation d/b/a Mvelopes ("Mvelopes") to stop Defendant's practice of sending unsolicited text messages to cellular telephones without consent and to obtain redress, including injunctive relief, for all persons injured by their conduct. Plaintiff Doman, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      Defendant Mvelopes is a company that created and operates a mobile personal finance management application (the "App"). The App provides its users with free and paid-for accounts that offer users the means to budget their money, receive financial advice and coaching, and engage in a customized financial program.[1]

2.      In an effort to quickly expand the user base of the App, Defendant created and undertook a massive telemarketing campaign wherein it sent thousands of text messages to consumers across the nation offering a free consultation and ultimately promoting the App's services (hereinafter referred to as the "spam messages").

3.      Unfortunately, Defendant never obtained consent of any variety from the recipients of these advertisement text messages. As such, Defendant's text message marketing activity violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

---

[1]*Coaching*, mvelopes, https://www.mvelopes.com/coaching/ (last visited August 4, 2017).

4.     The TCPA was enacted to protect consumers from unsolicited and repeated telephone and text message calls, exactly like the spam messages alleged in this case. Defendant made these text message calls despite the fact that neither Plaintiff nor the other members of the putative Class ever provided Defendant with their prior express written consent to be called.

5.     By sending the spam text messages at issue, Defendant has violated the privacy and statutory rights of Plaintiff and the Class and caused them harm, not only by subjecting them to the aggravation that necessarily accompanies the receipt of unsolicited spam text messages, but also because consumers frequently have to pay their wireless providers for the receipt of such unsolicited text message calls.

6.     Accordingly, Plaintiff Doman, on behalf of himself and the putative Class, seeks an injunction requiring Mvelopes to cease all unlawful text messaging activities alleged herein, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

7.     Plaintiff Robert Doman is a natural person and resident of the State of Arizona.

8.     Defendant Finicity Corporation d/b/a Mvelopes is a corporation organized and existing under the laws of the State of Utah with its principal place of business located at 120 West Vine Street, Suite 2, Murray, Utah 84107.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

10.     This Court has personal jurisdiction over Defendant because Defendant conducts business in Utah, is headquartered in Utah, and because the events giving rise to this lawsuit occurred, in substantial part, in Utah.

11.     Venue is proper in the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its headquarters and conducts significant business in this District and because the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

12.     Defendant Mvelopes created a mobile personal finance application that offers consumers a number of personal financial management options, including budgeting their money, receiving financial advice and coaching, and receiving a customized financial program.

13.     In an effort to increase the App's download numbers, user base, and ultimately Defendant's revenues, Defendant created and embarked upon a massive telemarketing campaign to promote the App.

14.     Specifically, Defendant sent thousands of unsolicited text message advertisements to consumers across the nation promoting the App by offering a free consultation and providing contact number. *See* Figure 1.



(Figure 1, a fair and accurate representation of the text message received by Plaintiff.)

15.     Defendant sends these automated text messages to consumers' telephones despite never obtaining the recipients' prior express written consent to do so.

16.     Upon calling the number included in the advertising text message, consumers are confronted with a prerecorded message promoting its financial programs.

17.     Defendant's goal in sending these text message advertisements extends beyond the offer of a free consultation. Rather, the free consultation serves as an inroad to promoting the App to thousands of additional users that wish to further their financial planning goals and ambitions.

18.     Defendant is aware that it was sending unauthorized text message advertisements to Plaintiff and the Class without their prior express written consent.

19.     These text messages constitute commercial advertising and telemarketing as contemplated by the TCPA.

20.     Defendant made these text message calls to Plaintiff and putative Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers *en masse*. The system(s) also had the capacity to send text messages to cellular telephones without human intervention. The messages sent by Defendant were automated, prewritten, and virtually identical each time they were sent.

21.     Accordingly, Defendant was required to obtain prior express written consent before sending the text messages advertisements to thousands of consumers' cellular telephones.

**FACTS SPECIFIC TO PLAINTIFF ROBERT DOMAN**

22.     On April 20, 2017 at 12:18 p.m., Plaintiff received the text message promoting Mvelopes's services on his cellular telephone from SMS shortcode 743-03. *See* Figure 1.

23.     Upon information and belief, the telephone number displayed within the text message, 855-510-8682, connects a consumer to an agent of Mvelopes when called.

24.     The telephone number 855-510-8682 and SMS shortcode 743-03 at all relevant times are or were owned, operated, and/or otherwise utilized by Mvelopes to send text messages and/or receive inbound telephone calls.

25.     At no time prior to his receipt of the text message did Plaintiff provide Defendant with his telephone number or give his prior express written consent to send automated text message advertisements to his cellular telephone using an ATDS. Indeed, Defendant failed to acquire Plaintiff's prior express consent to be contacted at his cellular telephone by any means.

6

26.     Defendant's intrusive text messages adversely affected Plaintiff's right to privacy. Defendant was and is aware that the above-described text message calls were being made on a widespread basis and that the text message calls were being made to consumers who had not consented to receive them.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class of similarly situated individuals, defined as follows:

> All persons in the United States who from a date four years prior to the filing of the initial complaint in this case through the present: (1) Defendant (or a third person acting on behalf of Defendant) sent text messages, (2) to the person's cellular telephone number, and (3) without a record demonstrating prior express written consent.

28.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

29.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief,

Defendant sent autodialed text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

30.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class have sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

31.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

32.     **Policies Generally Applicable to the Class:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class's members, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class's members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

        (a)     whether Defendant's conduct constitutes a violation of the TCPA;

(b)     whether Defendant utilized an automated telephone dialing system or similar technology tool to send text messages to members of the Class;

(c)     whether members of the Class are entitled to statutory and treble damages based on the willfulness of Defendant's conduct;

(d)     whether the text messages sent by Defendant constitute telemarketing under the TCPA; and

(e)     whether Defendant obtained prior express written consent to contact members of the Class.

34.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

9

36.     As described in detail above, Defendant made unauthorized and unwanted text message calls to Plaintiff's and the Class's cellular telephones without their prior express consent.

37.     Defendant made unauthorized commercial text message calls to the cellular telephone numbers of Plaintiff and the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of telephone numbers, and to dial such numbers *en masse*.

38.     Defendant utilized equipment that made the text message calls to Plaintiff and other members of the putative Class simultaneously and without human intervention.

39.     By making unwanted and unauthorized text message calls to Plaintiff's and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

40.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

41.     Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

42.     Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert Doman, individually and on behalf of the Class, prays for the following relief:

A.      An order certifying the Class as defined above, appointing Plaintiff Doman as representative of the Class, and appointing his counsel as Class Counsel;

B.      An order declaring that Defendant's actions, as set out above, violate the TCPA;

C.      A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

D.      An injunction requiring Defendant to cease all unauthorized and unlawful uses of automated or computerized telephone calling equipment;

E.      An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

F.      An order requiring Defendant to permanently cease-and-desist from all unlawful conduct as alleged herein, and otherwise protecting the interests of the Class;

G.      An award of actual and statutory damages;

H.      An award of reasonable attorneys' fees and costs; and

I.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

11

Respectfully Submitted,

**ROBERT DOMAN**, individually and on behalf of a Class of similarly situated individuals

Dated: August 18, 2017                     By: */s/ Matthew J. Morrison*                     .

Matthew Morrison, Esq.
Utah State Bar Number 14562
1887 N 270 E
Orem UT 84057
(801) 845-2581
matt@oremlawoffice.com

Blake J. Dugger, Esq.*
Law Offices of Stefan Coleman, P.A.
1011 W. Colter St., #236
Phoenix, Arizona 85013
T: 602-441-3704
F: 888-498-8946

Dillon Brozyna*
dbrozyna@edelson.com
Edelson PC
123 Townsend, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Attorneys for Plaintiff and the Class

*\*Pro Hac Vice* to be sought